In the Matter of Larry Leigh BROWN, Margaret Cecilia Brown, Debtors.

Bankruptcy No. BK81–1665.

United States Bankruptcy Court, D. Nebraska.

Aug. 10, 1982.

Michael C. Washburn, Omaha, Neb., for Dial.

James A. Kent, Omaha, Neb., for debtors.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

This matter comes before the Court upon joint motion by the debtors and Dial Finance Company (Dial), a secured creditor, to vacate an order of confirmation of the debtors' amended Chapter 13 plan which through administrative error was entered prior to a hearing on Dial's timely objection

to confirmation. Alternatively, the parties seek an order prohibiting the Chapter 13 trustee from making further payments under the plan until resolution of this dispute. The parties have submitted the alternative motions and objection to the Court upon stipulation, pleadings, and briefs.

Dial's objection is founded upon § 1325(a)(5) of the Bankruptcy Code. That section provides that the holder of each allowed secured claim must have accepted the plan, must be allowed to retain its lien and be paid the present value of its claim in an amount equalling at least the value of the collateral, or must receive possession of the property securing its claim. The debtors respond to this objection by stating that the value Dial is to receive under the amended plan is equivalent to the amount of its claim. That single claim is represented, according to the debtors, in part by a new loan advance secured by a mortgage of the debtors' principal residence and in part by a second refinancing of an earlier note secured only by exempt household goods.

The parties have stipulated the following facts: Larry Leigh and Margaret Cecilia Brown, debtors in this Chapter 13 proceeding, applied for and received a loan from Dial on February 21, 1979. That loan in the principal amount of approximately $3,000 was secured by household goods. A refinancing loan plus an additional advance was applied for and received on November 28, 1979. The principal amount of approximately $3,000 was again secured by the debtors' household goods. A third and final loan was received by the debtors from Dial on February 28, 1980. The principal amount was $6,631.48 plus interest of $4,528.52 at 19% annual interest rate. This third loan was a refinancing of the debtor's previous balance of $2,956.83 plus an additional advance of $3,674.65 and was secured not only by household goods but a second mortgage on the debtors' residence. As of the date of filing of the Chapter 13 petition, the Browns were indebted to Dial in the principal sum of $5,924.76.

The debtors' attempt in their amended plan to sever the security interest in household goods and avoid that interest to the extent the lien impairs an exemption to which they are entitled [522(f)] from the portion of the third note represented by a real estate second mortgage is premised upon the language of § 1322(b)(2) of the Code. That section provides that a Chapter 13 plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtors' principal residence. The third note, being secured by both household goods and the debtors' primary residence, is, the debtors contend, modifiable.

While I agree that such a claim may be modified by a Chapter 13 plan [see Collier on Bankruptcy par. 1322.01 (15th ed.) 1322–8; 3 Norton Bankruptcy Law and Practice, § 76.06 (1981)], confirmation of the plan will depend upon the application of § 1325(a)(5) in each particular case. Collier, Ibid. The parties have stipulated that as of the time of filing of the debtors' petition, the debtors owed a principal sum to Dial Finance in the amount of $5,924.76. A proof of claim was filed pursuant to the provisions of § 501 of the Bankruptcy Code. In accordance with 11 U.S.C. § 502(a), because a party in interest has not objected to the 501 proof of claim, the claim is allowed as filed. Accordingly, I find the amount of the allowed secured claim represented by the debt due and owing Dial Finance to be $5,924.76. The debtors' proposed severance of an amount represented by the mortgage and an amount represented by a security interest in household goods is inconsistent not only with the statutory language of § 1325(a)(5) but with the documents related to that loan agreement as well. Although a portion of the debtors' third note is indeed a refinancing of prior debt, the note, security agreement, and real estate mortgage, all executed concurrently, indicate that the loan is secured by either household goods or a second mortgage on the debtors' real estate or both. There can be no severance such as the debtor has attempted here. The present value of the entire amount of the allowed secured claim must be provided for under the plan.

Because the debtors' amended plan filed January 4, 1982, provides for the value to be distributed under the plan of an amount less than the allowed secured claim and for the further reasons that the holder, Dial Finance Company, has not accepted the plan nor has the debtor surrendered property securing such claim to the creditor as required by § 1325, the plan as amended cannot be confirmed.